IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHERINE BLUMENKRON, an individual;    3:12-CV-351-BR
DAVID BLUMENKRON, an individual;
and SPRINGVILLE INVESTORS, LLC, a    OPINION AND ORDER
limited liability company,

        Plaintiffs,

v.

BARTON EBERWEIN, HANLEY JENKINS,
TIM JOSI, GREG MACPHERSON, CHRISTINE
M. PELLETT, JOHN VANLANDINGHAM,
MARILYN WORRIX, and DAVID BRAGDON
all in their official capacities
as a member of the Land Conservation
and Development Commission; DAVID
BRAGDON, SHIRLEY CRADDICK,
CARLOTTA COLLETTE, CARL HOSTICKA,
KATHRYN HARRINGTON, REX BURKHOLDER,
and BARBARA ROBERTS, all in their
official capacities as Metro councilors;
and MULTNOMAH COUNTY,

        Defendants.

1 - OPINION AND ORDER

**CHRISTOPHER JAMES**
**CAMERON SORAN**
The James Law Group
1501 S.W. Taylor Street, Ste 200
Portland, OR 97205
(503) 228-5380

       Attorneys for Plaintiffs

**ELLEN F. ROSENBLUM**
Attorney General
**DARSEE STALEY**
Senior Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Ave., Suite 410
Portland, OR 97201
(971) 673-1880

       Attorneys for Defendant Members of
       the Land Conservation and Development
       Commission (hereinafter referred to
       collectively as State Defendants)

**ALISON KEAN CAMPBELL**
Metro Attorney
**MICHELLE A. BELLIA**
Senior Attorney
Office of Metro Attorney
600 N.E. Grand Ave.
Portland, OR 97232
(503) 797-1526

       Attorneys for Defendant Metro
       Councilors (hereinafter referred
       to collectively as Metro Defendants)

**JENNY MORF**
Multnomah County Attorney
**DAVID N. BLANKFELD**
Multnomah County Attorney's Office
501 S.E. Hawthorne Blvd., Ste 500
Portland, OR 97214
(503) 988-3377

       Attorneys for Defendant Multnomah County

2 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Joint Motion (#28) to Dismiss or, in the Alternative, to Stay (Abstention) and Plaintiffs' Requests (#38, #43-1) that the Court take judicial notice of the Land Conservation and Development Commission's (LCDC) Acknowledgment Compliance Order dated August 14, 2012, and LCDC's Staff Report respectively.

The Court heard oral argument on November 12, 2012. During the course of the argument it became clear that the parties had not specifically addressed in the pending Motions whether Plaintiffs had adequately pled a "class-of-one" equal-protection claim under the Fourteenth Amendment to the United States Constitution. Accordingly, the Court directed the parties to address that issue in supplemental memoranda. On December 20, 2012, the Court took under advisement Defendants' Joint Motion, Plaintiffs' Requests, and the issues raised in the original Motions and addressed in the parties' supplemental memoranda.

The Court **GRANTS** Plaintiffs' Request for Judicial Notice and takes judicial notice of LCDC's Acknowledgment Compliance Order dated August 12, 2012.

For the reasons explained herein, the Court **GRANTS in part** and **DENIES in part** Defendants' Joint Motion to Dismiss as follows:

1. In the exercise of its discretion, the Court **ABSTAINS**

3 - OPINION AND ORDER

from litigating in this federal forum any of the state-law land-use issues relating to the designation of urban and rural reserves set forth in Oregon Administrative Rule Chapter 660 and Oregon Revised Statutes Chapters 195 and 197 that are asserted in Plaintiffs' Second and Third Claims.  The Court, therefore, **DISMISSES** those Claims **without prejudice** to Plaintiffs filing those Claims in the appropriate state forum.

2.   To the extent that Plaintiffs are able to replead a viable federal constitutional claim pursuant to 42 U.S.C. § 1983 under their First Claim for Relief consistent with this Opinion and Order, the Court **DECLINES TO ABSTAIN** from litigating that Claim.  The Court, therefore, **DISMISSES** that Claim **without prejudice** and with leave to replead as specified herein.

3.   Because Plaintiffs' state-law claim under Article I, Section 20, of the Oregon Constitution is based on the same facts and analogous legal theory as Plaintiffs' to-be-repleaded federal claim, the Court **DECLINES TO ABSTAIN** from litigating the state constitutional claim over which it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and instead requires Plaintiffs to plead that claim separately from Plaintiffs' § 1983 claim in Plaintiffs' Third Amended Complaint as explained herein.

## BACKGROUND

I. **The Parties**.

Plaintiffs own land in Multnomah County.

State Defendants are members of the Land Conservation and Development Commission (LCDC), which is charged with adopting goals and guidelines for the purpose of "establish[ing] a general, statewide, comprehensive land use framework." *Lane County v. Land Conserv. and Dev. Comm'n,* 325 Or. 569, 573 (1997). *See also* Or. Rev. Stat. § 197.225.

Metro Defendants are elected members of the Metropolitan Regional Government (Metro), a government agency of the State of Oregon surrounding the Portland metropolitan area.  Metro Defendants are charged with designating land in the metropolitan area as either "rural reserves" (*i.e.,* land "outside urban growth boundaries" that will provide "long term protection for agriculture, forestry, or important natural landscape features") or "urban reserves" (*i.e.,* land outside of an urban growth boundary that will provide for "future [long-term] expansion" of the urban growth boundary).  Or. Rev. Stat. §§ 195.137-145.

Defendant Multnomah County is charged with the task of designating land within the County as "rural reserves" (*i.e.,* land reserved to provide long-term protection for agriculture, forestry, or important natural landscape features) to limit urban development or "urban reserves" (*i.e.,* land reserved

for the future expansion of the designated urban growth boundary).

## II.  **Plaintiffs' Claims**.

Plaintiffs allege three claims for relief:

Plaintiffs' First Claim is for declaratory relief under 42 U.S.C. § 1983 and Oregon law in which Plaintiffs seek a declaratory judgment that Defendants violated Plaintiffs' equal-protection rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 20, of the Oregon Constitution when Defendants designated Plaintiffs' land as rural reserves rather than urban reserves for purposes of state land-use planning.

Plaintiffs' Second Claim is for declaratory judgment seeking to invalidate the "Entire Reserve Process" and certain Oregon Administrative Rules.

Plaintiffs' Third Claim is for declaratory judgment under 42 U.S.C. § 1983 and Oregon law for alleged equal-protection violations in addition to allegations that Defendants violated Oregon Revised Statutes Chapters 195 and 197 by the manner in which they made their reserve designations.

## **DEFENDANTS' JOINT MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY (ABSTENTION)**

## I.  **Federal Rule of Civil Procedure 12(b)(1) - Abstention**.

Defendants move to dismiss or to stay this action based

6 - OPINION AND ORDER

on abstention principles under *Brillhart v. Excess Ins. Co.,*
316 U.S. 491, 495 (1942); *Burford v. Sun Oil Co.,* 319 U.S. 315
(1943); *Younger v. Harris,* 401 U.S. 37 (1971); and/or *Railroad
Comm. V. Pullman Co.,* 312 U.S. 496 (1986).

**A.   Standards.**

1.   <u>*Brillhart*</u> Abstention.

A federal court is not under any "compulsion to exercise
[] jurisdiction" if to do so would be "vexatious and economical"
because "another proceeding is pending in a state court
presenting the same issues, not governed by federal law, between
the same parties.  Gratuitous interference with the orderly and
comprehensive disposition of state court litigation should be
avoided."  *Brillhart,* 316 U.S. at 495.

The factors to be considered when deciding whether
*Brillhart* abstention is appropriate are:

> (1) whether a refusal to entertain the
> request for declaratory relief avoids
> needless decisions of state law by the
> federal court; (2) whether the action
> is a means of forum shopping; and
> (3) whether dismissal of the claim for
> declaratory relief would avoid duplicative
> litigation.

*Smith v. Lenches,* 263 F.3d 972, 977 (9th Cir. 2001).

2.   <u>*Burford*</u> Abstention.

*Burford* abstention is an "extraordinary and narrow
exception to the duty of the District Court to adjudicate a
controversy properly before it."  *City of Tucson v. U.S. West*

*Communic'n*, *Inc*., 284 F.3d 1128, 1133 (9ᵗʰ Cir. 2002)(citing

*Colorado River,* 424 U.S. at 813).

Under *Burford* a court may "decline to rule on an

essentially local issue arising out of a complicated state

regulatory scheme" if

> the state has chosen to concentrate suits
> challenging the actions of the agency involved
> in a particular court; (2) the federal issues cannot be easily
> separated from complex state law issues with respect to which
> state courts might have special competence; and (3) federal review
> might disrupt state efforts to establish a coherent policy.

*United States v. Morros*, 268 F.3d 695, 705 (9ᵗʰ Cir. 2001)(citing

*Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 377 (9ᵗʰ

Cir. 1982)).

      3.  *Younger* Abstention.

Younger abstention is appropriate when (1) state

proceedings are ongoing that implicate important state interests,

(2) the state proceedings provide an adequate opportunity to raise

federal questions, and (3) the federal proceeding would enjoin the

state-court proceeding or have the practical effect of doing so.

*AmericsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9ᵗʰ Cir.

2007).

      4.  *Pullman* Abstention.

*Pullman* abstention "is an extraordinary and narrow

exception to the duty of a [d]istrict [c]ourt to adjudicate a

controversy." *Wolfson v. Brammer,* 616 F.3d 1045, 1066 (9ᵗʰ Cir.

2010). *Pullman* abstention is appropriate only when "(1) there are

8 – OPINION AND ORDER

sensitive issues of social policy" that the federal courts should not address "unless no alternative to its adjudication  is open, (2) constitutional adjudication could be avoided by a state ruling, and (3) resolution of the state-law issue is uncertain." *Id*.

**B. Analysis.**

Defendants argue the State of Oregon and local governments spent years developing the information and creating the record necessary for the approval of land-use designations. According to Defendants, numerous landowners (including Plaintiffs) participated in the public proceedings leading to the ultimate approval of land-use designations and have the statutory right to challenge the designations in the Oregon Court of Appeals.  Accordingly, Defendants contend any declarations or rulings from this federal court in this action would be "needless."

Defendants also note Oregon state courts have yet to rule on the implementation of the complex process involved in the land-use designations, and Defendants contend Plaintiffs have engaged in forum shopping by filing this case in federal court to gain a "tactical advantage" because if Plaintiffs obtain the declaratory relief they seek in this case, that outcome "will play a decisive role in the imminent state court case."

Finally, Defendants maintain a direct appellate review

of the Commission's land-use decision as to Plaintiffs' land is "imminent." Accordingly, if the Court allows this case to proceed, it will lead to duplicative ongoing federal and state litigation on the same subject matter. By dismissing this case under *Brillhart*, the Court will, according to Defendants, avoid the duplicative and piece-meal litigation that is likely to create a patchwork of decisions that will frustrate local efforts to resolve these land-use issues.

Plaintiffs, in turn, argue their claims do not require a needless interpretation of state land-use law because their claims rest solely on the equal-protection guarantees provided under the United States and Oregon Constitutions. Moreover, Plaintiffs assert litigation of their claims as pleaded in this Court is the only effective means by which Plaintiffs are able to obtain the discovery and examination of witnesses necessary for them to prove their claims. Finally, Plaintiffs contend this federal proceeding will not overlap with the state land-use proceedings in the Oregon Court of Appeals because the issues in the two courts are very different.

Although the Court declines Defendants' invitation to speculate as to Plaintiffs' reasons for challenging in this forum the specific land-use designations made by state governmental bodies as to Plaintiffs' land, there appear to be sound reasons to litigate Plaintiffs' federal constitutional claims in federal

court but not to litigate the state land-use statutory scheme as a whole.  If, as set forth below, Plaintiffs' to-be-amended Complaint includes specific allegations that are sufficient to state actionable claims under 42 U.S.C. § 1983 based on violations of Plaintiffs' federal constitutional rights and to state separate claims for violation of Plaintiffs' constitutional rights under Article I, Section 20, of the Oregon Constitution, a federal trial court, with its discovery and fact-finding procedures including direct- and cross-examination, is much better suited to undertake that litigation than the state appellate court.  In this respect, the Court agrees with Plaintiffs that their Fourteenth Amendment equal-protection claim under 42 U.S.C. § 1983 and separate state equal-protection claim under Article I, Section 20, of the Oregon Constitution should remain in this forum.

On the other hand, the Court agrees with Defendants that Plaintiffs' state-law claims related to Defendants' alleged noncompliance with Oregon's statutory and regulatory land-use processes and those claims regarding the rural- and urban-reserve designation processes in general are clearly intended under Oregon law to be resolved by the Oregon Court of Appeals within the procedural parameters available to that court.

On this record, therefore, the Court concludes it should not abstain from litigating Plaintiffs' First Claim for Relief under 42 U.S.C. § 1983 based on the alleged violation of

11 - OPINION AND ORDER

Plaintiffs' rights to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 20, of the Oregon Constitution under *Brillhart.*

The Court, however, concludes it should not accept jurisdiction over Plaintiffs' Second Claim for Relief in which Plaintiffs seek a declaratory judgment that Oregon's regulatory processes for making urban- and rural-reserve designations are invalid because to do so would constitute the type of "gratuitous interference with the orderly and comprehensive disposition of state court litigation" that the Supreme Court in *Brillhart* urged federal courts to avoid. Accordingly, in the exercise of its discretion, the Court abstains from addressing Plaintiffs' Second Claim for Relief in which Plaintiff seeks to invalidate the "Entire Reserve Process" and "[Oregon Administrative Rules] Promulgated Thereunder."

The Court also concludes it should not accept jurisdiction over Plaintiffs' Third Claim for Relief. Although Plaintiffs allege their Third Claim asserts a violation of their equal-protection rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 20, of the Oregon Constitution, the basis for those particular violations is, in effect, Defendants' alleged noncompliance with Oregon's statutory land-use processes as set forth in Oregon Revised Statutes Chapters 195 and 197 to the extent that this Claim does

12 – OPINION AND ORDER

not duplicate the constitutional theories asserted in the First
Claim.  Resolution of Plaintiffs' Third Claim, as with resolution
of Plaintiffs' Second Claim, would require the Court to resolve
and, thereby, interfere in the orderly and comprehensive
disposition of ongoing state-court, land-use litigation.

     **C.  Conclusion.**

     The Court concludes it need not address Defendants'
additional arguments based on *Burford, Younger,* and *Pullman*
abstention because each of these principles favors abstention in
the same limited way the Court is already proceeding.  In any
event, the Court would also exercise its discretion under those
principles to abstain from addressing Plaintiffs' Second and Third
Claims to the extent that they challenge Oregon's land-use
statutory schemes as a whole based on noncompliance with and/or
violation of specific state land-use statutes and regulations.

**II.  <u>Federal Rule of Civil Procedure 12(b)(6) - Failure to State a
Class-of-One Equal-Protection Claim</u>.**

     With respect to Defendants' Motion to Dismiss Plaintiffs'
First Claim, the threshold issue is whether Plaintiffs' Second
Amended Complaint (SAC) sufficiently alleges a class-of-one
federal equal-protection claim under 42 U.S.C. § 1983.  Defendants
contend Plaintiffs' SAC falls short, and, therefore, this Court
should dismiss the action for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6).

**A.    Standards.**

1.  <u>Motion to Dismiss</u>.

To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546).  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully -harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  *See also* Fed. R. Civ. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint also does not suffice if

it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

    2.  <u>Class-of-One Equal-Protection Claim.</u>

    "[A]n equal protection claim can in some  circumstances be sustained even if [Plaintiffs have] not alleged class-based discrimination, but instead claim [they have] been irrationally singled out as a so-called 'class of one.'" *Gerhart v. Lake County, Montana,* 637 F.3d 1013, 1021 (9th Cir. 2011)(quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)(citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(*per curiam*)).  A class-of-one action may be maintained if a regulation is "*applied in a singular way* to particular citizens." *Engquist,* 553 U.S. at 592 (emphasis added).

    "To succeed on a 'class of one' claim," Plaintiffs must plead Defendants "(1) intentionally (2) treated [them] differently than other similarly situated property owners, (3) without a rational basis." *Willowbrook*, 528 U.S. at 564.  An equal-protection claim based on a class-of-one is not appropriate when the agency action involves discretionary decision-making and there is not any "pattern of generally exercising the discretion in a particular manner while treating one individual differently *and* detrimentally." *Towery v. Brewer*, 672 F.3d 650, 660-61 (9th Cir. 2012)(emphasis in original).

    Although a plaintiff must plead the defendant's decision

was intentional, the plaintiff need not show that the defendants were "motivated by subjective ill will." *Willowbrook*, 528 U.S. at 565. *See also Gerhart v. Lake County, Montana,* 637 F.3d 1013, 1022 (9th Cir. 2011). "A class of one plaintiff [however,] must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)(quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001)).

## B.  Plaintiffs' Second Amended Complaint.

Plaintiffs allege Multnomah County "*predetermined that it did not want any urban reserves designated within its borders*." SAC at ¶ 21 (emphasis added). Plaintiffs further allege

> [t]hat predetermination:  (1) precluded any
> real, fact-based decision with respect to
> analyzing the land available for the reserve
> designations; (2) precluded any application
> of the controlling requirements of ORS 197.040;
> (3) precluded application of the statutory and
> regulatory mandates to base the decisions regarding
> reserves on consideration of the enumerated factors
> and criteria, and (4) precluded the "Service District"
> determination of urban reserve designation on any
> rational or area-wide basis.

SAC at ¶ 21.  Plaintiffs also allege even though Multnomah County and Metro found Plaintiffs' property was otherwise suitable for urban-reserve designation (*i.e.*, an appropriate site for future urban industrial/ employment purposes), Plaintiffs' property was designated as rural reserve for the next 50 years based solely on

16 - OPINION AND ORDER

Multnomah County's predetermination that no additional urban reserves would be designated within its boundaries.  Moreover, Plaintiffs allege the predetermined designation of their property as suitable for rural reserves was based on an illusory process that did not comply with Oregon Revised Statutes §§ 195.145 and 197.040.

Although Plaintiffs acknowledge Oregon's statutory process requires challenges to urban/rural reserve designations to be asserted in the Oregon Court of Appeals, Plaintiffs argue their federal constitutional challenge is beyond the scope of the land-use designation issues intended to be decided by that court.  Thus, Plaintiffs seek a federal judicial declaration that, among other things, Defendants' designation of Plaintiffs' property as rural reserves based on "political objectives" and without regard for the applicable statutes violated Plaintiffs' equal-protection rights under the United States Constitution and the Oregon Constitution.

**C.  The Urban/Rural Designation Process.**

The urban/rural designation process is set forth in Oregon Revised Statutes §§ 195.137-195.145 enacted in 2007.  Under that process "[a] county and a metropolitan service district [must] consider simultaneously the designation and establishment of [rural reserves and urban reserves]."  Or. Rev. Stat. § 195.143 (a) and (b).  In the Portland area Metro (comprised of all land

within the boundaries of Multnomah, Washington, and Clackamas
Counties) designates urban reserves as to that land.  The three
Counties designate rural reserves as to land within their
respective boundaries.

LCDC is responsible for issuing final orders approving
or denying such designations.  LCDC's final orders are appealable
to the Oregon Court of Appeals, which has the authority to review
a final order on the ground that it is "unconstitutional."  Or.
Rev. Stat. § 197.651(10)(b).

**D.  Analysis.**

Metro, State, and Multnomah County Defendants contend
the designation of Plaintiffs' land as rural reserves was
based on the exercise of their discretionary decision-making after
making a "vast array of subjective, individualized
assessments." *See Towery,* 672 F.3d at 660.  "[T]he government's
decision to designate a property as an urban or rural reserve
involved a multi-year process, including a large study of
potential reserves and unprecedented cooperation among four
governments."  Metro Defs.' Mem. at 6.  The Court notes, however,
that Defendants' factual arguments about the exercise of
discretionary decision-making are premature in the context of a
Rule 12(b)(6) motion to dismiss.

In any event, Defendants also argue Plaintiffs'
allegations in their SAC fail to state an adequate claim that they

18 - OPINION AND ORDER

were treated differently than other landowners with identical

property because

> no two property owners are identical because
> of the circumstances of the reserve process,
> including the size of the reserve areas
> studied by defendants and the variety of types
> of property, together with the individualized
> assessment of each designation area required
> by state law. Plaintiffs thus cannot
> establish that they are similarly situated to
> other property owners.

Metro Defs.' Mem. at 5. Defendants further contend because none

of the properties are similarly situated for purposes of

establishing the viability of a class-of-one action, Plaintiffs'

allegations regarding different treatment as to their specific

properties are insufficient to state a class-of-one equal-

protection claim against any of the Defendants.

In response Plaintiffs maintain "the state courts [are]

not the appropriate forum for their federal claims," and

Plaintiffs do not have "a meaningful opportunity for discovery in

the underlying state process." They also contend access to

certain records under Oregon's Public Records Law is not a

substitute for the meaningful discovery that is allowed under the

federal rules.

As noted, at this pleading stage the issue as to

Plaintiffs' First Claim is whether Plaintiffs have adequately

pleaded in their SAC that they were not treated fairly compared to

similarly-situated landowners during the land-use designation

process.  Plaintiffs allege "Defendants' failure to treat
Plaintiffs' land . . . in a fair and equitable manner as compared
to similarly situated land violates the Equal Protection Clause of
the Fourteenth Amendment" and that there was not any "rational
basis for Defendants' treatment of Plaintiffs or for the
classification Defendants have created or maintained."  Perhaps
inconsistently, however, Plaintiffs also allege the following:

> *Multnomah County predetermined that it did not want*
> *any urban reserves designated within its borders.*
> *That predetermination: (1) preclude precluded any*
> *real, fact-based decisions with  respect to*
> *analyzing the land available for reserve*
> *designations;* (2) precluded any application of the
> controlling requirements of ORS 197.040; (3)
> precluded application of the statutory and
> regulatory mandates to base the decisions regarding
> reserves on consideration of the enumerated factors
> and criteria; and (4) precluded the "Service
> District" determination of urban reserve
> designation on any rational or area-wide basis.

Pls.' SAC at ¶ 21 (emphasis added).

> Multnomah County and Metro found that
> Plaintiffs' land was suitable for urban
> reserve designation.  *However, as the result*
> *of the preclusive effect of Multnomah County's*
> *actions*, a rural reserve designation
> was applied to Plaintiff's land, a
> designation that prohibits an urban reserve
> designation or inclusion in the Urban Growth
> Boundary for fifty years.

*Id.* at ¶ 23 (emphasis added).

> *Out of 28,615 acres adopted by Metro for*
> *designation as urban reserve, only 857 acres*
> *are located in Multnomah County.*

*Id.* at ¶ 29 (emphasis added).

20 – OPINION AND ORDER

Thus, it does not appear that Plaintiffs are pointing to other similarly-situated landowners who were treated more favorably than Plaintiffs as in *Willowbrook* where the plaintiffs alleged the defendants demanded a 33-foot sewer easement from them but only a 15-foot easement from similarly-situated landowners. In fact, it appears Plaintiffs here allege that virtually all rural property owners in Multnomah County, Plaintiffs included, were treated the same.  The Court is not aware of, and Plaintiffs have not identified, any authority that suggests a class-of-one, equal-protection claim may proceed without a factual basis of disparate rather than similar treatment.  The Court, therefore, concludes Plaintiffs do not allege facts in their SAC that show they were singled out for different treatment compared to similarly-situated landowners in Multnomah County; *i.e.*, Plaintiffs do not allege facts that show Defendants' allegedly discriminatory treatment was based on a decision that "was intentionally directed just at [Plaintiffs]." *See North Pacifica LLC,* 526 F.3d at 486.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiffs' First Claim for failure to state a claim.

**E. Leave to Replead.**

Although the Court concludes on this record that Plaintiffs' SAC does not allege sufficient facts to state a claim

under 42 U.S.C. § 1983, the Court also concludes Plaintiffs should have leave to replead their § 1983 claim to attempt to assert an adequate basis for their class-of-one, equal-protection claim under the Fourteenth Amendment or to plead any other federal constitutional violation they contend arises from these facts.

The Court notes § 1983 applies only to violations of "rights, privileges, or immunities secured by the Constitution or laws of the United States."  The only federal right that Plaintiffs name in their SAC, however, arises under "the Equal Protection Clause of the Fourteenth Amendment."  Thus, Plaintiffs' allegations regarding the Oregon Constitution are not actionable under § 1983 and cannot be included in a repleaded § 1983 claim. Although Plaintiffs do not presently state a class-of-one equal-protection claim under the Fourteenth Amendment in their SAC, it is unclear whether the Court has properly understood their intended federal claim; whether that is the only form of federal equal-protection claim Plaintiffs are attempting to pursue; or whether Plaintiffs may be able to replead by alleging a different, specific federal violation based on the assertion that Defendants denied Plaintiffs' property *any* consideration to be eligible for an urban-reserve designation because of allegedly illegal predeterminations.

In any event, because of this lack of clarity and the fact that the class-of-one issues were first raised by the Court

22 - OPINION AND ORDER

in oral argument, the Court concludes it should exercise its discretion pursuant to Federal Rule of Civil Procedure 15 to permit Plaintiffs an opportunity to file a Third Amended Complaint if they wish to replead their § 1983 claim consistent with this Opinion and Order and in a manner that more clearly and specifically alleges facts that show how particular "rights, privileges, or immunities secured by the Constitution or laws of the United States" were allegedly violated by Defendants in the land-use process.

Because Plaintiffs' equal-protection claims under Article I, Section 20, of the Oregon Constitution are based on essentially the same allegations made by Plaintiffs in their federal § 1983 equal-protection claim and the Oregon Supreme Court has recognized that a "'class of one' can support [an Article I, Section 20,] equal protection claim if [a] plaintiff alleges treatment different from others and no rational basis for difference in treatment," *In re Conduct of Gatti*, 330 Or. 517, 534 (2000), the Court concludes Plaintiffs also should have the opportunity to include in any Third Amended Complaint a class-of-one, equal-protection claim under Article I, Section 20, of the Oregon Constitution as long as it is pleaded as a separate claim for relief distinct from the § 1983 federal claim.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss to the extent that it is based on Plaintiffs' failure to

23 - OPINION AND ORDER

state a class-of-one, equal-protection claim under Federal Rule of Civil Procedure 12(b)(6) and **DISMISSES without prejudice** Plaintiff's First Claim for Relief under 42 U.S.C. § 1983 with leave to replead consistent with this Opinion and Order.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion as follows:

The Court **GRANTS** Plaintiffs' Request for Judicial Notice and takes judicial notice of LCDC's Acknowledgment Compliance Order dated August 12, 2012.

The Court **ABSTAINS** from litigating in this federal forum any of the state land-use law issues relating to the designation of urban and rural reserves set forth in Oregon Administrative Rule Chapter 660 and Oregon Revised Statute Chapters 195 and 197 that are asserted in Plaintiffs' Second and Third Claims and, therefore, **DISMISSES** those claims **without prejudice** to Plaintiffs filing them in the appropriate state forum.

To the extent that Plaintiffs are able to replead a viable federal constitutional claim pursuant to 42 U.S.C. § 1983 under their First Claim for Relief consistent with this Opinion and Order, the Court **DECLINES TO ABSTAIN** from litigating that claim, and, therefore, the Court **DISMISSES** that Claim **without prejudice** and with leave to replead as specified herein **no later**

24 - OPINION AND ORDER

**than April 6, 2013.**

Because Plaintiffs' claim under Article I, Section 20, of the Oregon Constitution is based on the same facts and analogous legal theory as Plaintiffs' federal claim that may be repleaded, the Court **DECLINES TO ABSTAIN** from litigating the state constitutional claim over which it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but requires Plaintiffs to plead that claim separately from Plaintiffs' § 1983 claim if Plaintiffs file a Third Amended Complaint.

IT IS SO ORDERED.

DATED this 1st day of March, 2013.


/s/ Anna J. Brown
                                    _____
                                    ANNA J. BROWN
                                    United States District Judge

25 - OPINION AND ORDER